IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC | |
| Plaintiff, | Civil Action No. _____ |
| v. | JURY TRIAL DEMANDED |
| ROCHE HOLDING LTD.  and GENENTECH, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff GLAXOSMITHKLINE LLC ("GSK"), for its Complaint against Defendants ROCHE HOLDING LTD. and GENENTECH, INC., hereby alleges as follows:

## PARTIES

1.     Plaintiff GLAXOSMITHKLINE LLC is a Delaware limited liability company with its address at One Franklin Plaza, Philadelphia, Pennsylvania, 19102.

2.     On information and belief, Defendant ROCHE HOLDING LTD. ("Roche") is a Swiss corporation having a principal place of business at Grenzacherstrasse 124, Basel, CH-4070, Switzerland.  Roche may be served with process by serving its registered agent, Roche Holding, Inc., 1220 N. Market St., Ste. 334, Wilmington, Delaware 19801.

3.     On information and belief, Defendant GENENTECH, INC. ("Genentech") is a Delaware corporation having a principal place of business at 1 DNA Way, South San Francisco, CA 94080.  Genentech may be served with process by serving its registered agent, The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

1

## NATURE OF THE ACTION

4.     This is a civil action for the infringement of United States Patent No. RE40,070 ("the '070 Patent") and United States Patent No. RE41,555 ("the '555 Patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* The '070 Patent is attached hereto as Exhibit A. The '555 Patent is attached hereto as Exhibit B.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.     This Court has personal jurisdiction over Defendants because, among other things, Defendants have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. On information and belief, Defendants have placed products that Defendants made using methods claimed in the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this judicial district. On information and belief, Defendants sold, advertised, solicited customers, marketed and distributed in this judicial district products manufactured using the methods claimed in the Patents-in-Suit.

7.     Venue is proper in this judicial district as to each defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

8.     GSK realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 above as if fully set forth herein.

9.      On February 19, 2008, the '070 Patent, titled "Antibody Purification," was duly and lawfully issued by the PTO.

10.      The '070 patent was assigned to SmithKline Beecham Corporation, which has since changed its name to GlaxoSmithKline LLC.  GSK holds the right to sue and recover damages for infringement thereof, including past infringement.

11.      On August 24, 2010, the '555 Patent, titled "Antibody Purification," was duly and lawfully issued by the PTO.

12.      GSK is the assignee of the '555 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I

### (Infringement of the '070 Patent)

13.      Paragraphs 1-12 are incorporated by reference as if fully restated herein.

14.      Defendants, either alone or in conjunction with others, have infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '070 Patent by making and/or having made therapeutic antibody products, including without limitation Herceptin®, in violation of 35 U.S.C. § 271.

15.      GSK has been damaged by Defendants' infringement of the '070 Patent.

## COUNT II

### (Infringement of the '555 Patent)

16.      Paragraphs 1-15 are incorporated by reference as if fully restated herein.

17.      Defendants, either alone or in conjunction with others, have infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '555 Patent by making and/or having made therapeutic antibody products, including without limitation Herceptin®, in violation of at least 35 U.S.C. § 271.

18.      GSK has been damaged by Defendants' infringement of the '555 Patent.

## PRAYER FOR RELIEF

WHEREFORE, GSK respectfully requests that this Court enter judgment against Defendants ROCHE HOLDING LTD. and GENENTECH, INC. as follows:

a)     that Defendants have infringed the '070 patent and the '555 patent;

b)     that GSK be awarded damages adequate to compensate GSK for Defendants' past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate GSK for Defendants' infringement, an accounting;

c)     that this case is exceptional under 35 U.S.C. § 285;

d)     that GSK be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

e)     that GSK be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

GSK hereby demands trial by jury on all claims and issues so triable.

DATED:  September 20, 2010

Respectfully submitted,

*Brian E. Farnan*

Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Of Counsel:
John M. Desmarais
jdesmarais@desmaraisllp.com
Michael P. Stadnick

mstadnick@desmaraisllp.com
Xiao Li
xli@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401

Counsel for Plaintiff